838 F.2d 1210
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William BLOHM, Defendant-Appellant.
 No. 86-7404
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 5, 1988.
Decided: Feb. 3, 1988.
 
 Edwin Chrisco Walker, Assistant Federal Public Defender (William E. Martin, Federal Public Defender on brief) for appellant.
 James Gordon Carpenter, Assistant United States Attorney (J. Douglas McCullough, Acting United States Attorney, Stephen A. West, Assistant United States Attorney on brief) for appellee.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and FRANK W. BULLOCK, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 William Blohm appeals the findings of fact and conclusion of law by the district court
 
 
 2
 ... that Mr. Blohm is presently suffering from a mental disease or defect, as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another.
 
 
 3
 It is, thereupon ORDERED, that William Blohm be committed to the custody of the Attorney General for hospitalization in a mental health facility pursuant to Title 18, United States Code, Section 4246(d). The director of the facility to which he is committed is ordered to file with this court annual reports on the status of Mr. Blohm's mental health.
 
 
 4
 The district court's findings are clear, convincing and complete, and they are supported by the record. These findings are reviewed under the clearly erroneous standard of Federal Rule of Civil Procedure 52(a). We conclude that such findings are not clearly erroneous, and we affirm.
 
 
 5
 Appellant was admitted to the mental health division at the Federal Correctional Institution in Butner, North Carolina for psychiatric evaluation to determine his competency to stand trial, and as a result of detailed evaluation he was found not competent to stand trial. On July 8, 1986 he was readmitted to Butner for psychiatric and psychological treatment under the provisions of 18 U.S.C. 4241(d) for a period not to exceed four months. At the expiration of this time the warden at Butner certified to the district court pursuant to the provisions of 18 U.S.C. 4246 that appellant was suffering from a mental disease or defect, the result of which his release would create a substantial risk of bodily injury to himself or another person or serious damage to property of another.
 
 
 6
 The record discloses that Blohm has been treated and evaluated by qualified clinical psychologists and forensic psychiatrists, who have stated that he suffers from "schizophrenia, paranoid type, chronic which renders him delusional. Mr. Blohm suffers from delusions relating to an alleged copyright for his life story and delusional ideas regarding a conspiracy among court personnel to deprive him of his rights." These delusions have caused Mr. Blohm to send threatening letters to persons he perceives to be involved in this conspiracy. Based on these threatening communications, the doctors are of the opinion that due to his mental illness Blohm would created a substantial risk of bodily injury to another person or serious damage to property of another if released. The doctors recommended continuing treatment of appellant pursuant to the provisions of 18 U.S.C. 4246 and 4247.
 
 
 7
 The officials at Butner and the district court have carefully followed the provisions of 18 U.S.C. 4246 and 4247(d) in providing appellant with the required treatment, evaluation and hearing required. An attorney was appointed for appellant and appellant was present at the hearing and testified. The district court made its finding by "clear and convincing evidence" as required by the statute. These findings are not clearly erroneous, and we
 
 
 8
 AFFIRM.